## NORTHWOOD UNION SHOE CO. *v.* PRAY.

On a subscription to the capital stock of a corporation, specifying the time of payment, assumpsit is maintainable.

The issue by a corporation of all its stock to trustees, to be held as security for a loan made by them to the corporation, and to be transferred by them to the subscribers for stock when they pay their several subscriptions, does not, whether valid or invalid, discharge a subscriber from his subscription.

Even if such stock would be invalid while in the hands of the trustees, it would be valid in the hands of a subscriber if transferred to him by the trustees, at the request of the corporation, on payment of his subscription.

ASSUMPSIT. Facts agreed. The action is brought to recover $100 subscribed by the defendant to the following agreement: "We the undersigned herewith subscribe the amount set against our respective names to the capital stock of the Northwood Shoe Company. No individual subscriber to be held for the whole or any part of his subscription until the whole of the capital is subscribed, $25,000. 25 per cent. of the amount subscribed to be paid in, in 30 days from the date of the incorporation of the company, and the balance to be paid within one year. Northwood, N. H., June 9, 1891." The whole amount was subscribed. The organization of the plaintiff corporation, in which the defendant participated, was completed August 4, 1891. The whole stock, consisting of 500 shares, was issued by the plaintiffs to five subscribers as trustees, to be held as collateral security for $25,000 lent by them to the corporation, and to be transferred by them to the subscribers for stock when they paid the amount of their several subscriptions. To this arrangement the defendant was not a party.

Shortly after the suit was brought, the defendant offered to pay the plaintiffs' treasurer the amount due on his subscription, with interest and costs, and requested him to issue original stock. This the treasurer declined to do, but offered to give him stock duly transferred to him by the trustees. The defendant declined to pay the money unless he could have original stock.

*Edwin G. Eastman,* for the plaintiffs.

*John Kivel,* for the defendant.

CARPENTER, J. The defendant bound himself to pay his subscription at specified times. There was no occasion for making assessments, under Pub. Sts., c. 149, s. 16, and consistently with the contract none could be made. The provision (c. 149, s. 17) for the sale of shares for non-payment of assessments has no application. 1 Mor. Corp., s. 144.

In this suit it is not material whether the plaintiffs could or could not lawfully issue and pledge the capital stock to the trustees. The transaction, whether valid or invalid, did not discharge the defendant from his obligation to pay his subscription, and did not disable the plaintiffs from giving him upon such payment a good title to his proportional part of the stock. Whatever the interest of the trustees in the stock might be, or if they had none, their transfer of stock to a subscriber, on the payment of his

subscription to and at the request of the plaintiffs, would convey a perfect title. The plaintiffs would be estopped to deny it. No reason has been stated, and no good reason appears, for the defendant's refusal to accept the stock which the plaintiffs offered him.

*Judgment for the plaintiffs.*

All concurred.